## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH DILEO, and** | : | **No. 3:08cv1218** |
| **JOANNE DILEO, his wife,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE AUTO PROPERTY AND** | : | |
| **CASUALTY INSURANCE** | : | |
| **COMPANY, and** | : | |
| **STATE AUTO INSURANCE** | : | |
| **COMPANIES,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is defendants' partial motion to dismiss the plaintiffs'

complaint (Doc. 4).  Having been fully briefed, the matter is ripe for disposition.

**Background**[1]

This case arises from a break-in of property owned by Plaintiffs Joseph and

Joanne Dileo.  (See Complaint (hereinafter "Complt.")).  During the break-in, which

occurred on April 27, 2006, plaintiffs sustained damage to their residence, as well as

the theft of construction equipment and material.  (Id. at ¶ 4).  At the time of the

incident, defendants provided plaintiffs with insurance coverage for the property.  (Id.

at ¶ 3).  Plaintiff Joseph Dileo reported the break-in and theft to the West Wyoming,

Pennsylvania Police Department on or about April 30, 2006; he also notified

---

[1]The court derives these facts from the plaintiffs' complaint.

defendants promptly of his loss.  (Id. at ¶¶ 5-6).  Plaintiffs allege that their loss of

construction equipment and materials amounted to $18,705.34.  On April 4, 2008,

almost two years after plaintiffs' loss, defendants for the first time informed plaintiffs

that they would deny coverage for the break-in and theft.  (Id. at ¶ 8).  Plaintiffs

assert that their policy covered the incident in question.  (Id. at ¶ 9).

Plaintiffs filed the instant complaint in the Court of Common Pleas of Luzerne

County, Pennsylvania on June 20, 2008.  The complaint appears to raise several

causes of action under Pennsylvania law, though plaintiffs assert that they seek to

raise only a bad faith claim.  Plaintiffs contend that, despite knowing of the incident,

defendants did not complete their investigation of the break-in and theft within thirty

days and failed to inform plaintiffs of the reasons for the delay within forty-five days,

as required by Pennsylvania law.  (Id. at ¶ 10).  They also allege that defendants

knew that they were entitled to coverage, but misrepresented to the plaintiffs that

they lacked such coverage in violation of state law.  (Id. at ¶ 11).  Defendants' failure

to timely pay the claim created an unreasonable and unnecessary delay in

completing construction on plaintiffs' home, and plaintiffs contend that this failure

amounts to bad faith under Pennsylvania law.  (Id. at ¶ 12).  Moreover, plaintiff

contends, defendants imposed conditions on recovery that were not present in the

insurance contract in violation of the Pennsylvania Unfair Insurance Practices Act.

(Id. at ¶¶ 13, 17).  Such actions also amounted to bad faith under state law, as did

defendants' defamatory allegations that plaintiffs engaged in fraud in an attempt to

2

obtain an insurance claim.  (Id. at ¶¶ 14-16).   Plaintiffs seek an award greater than $50,000.00, in addition to interest, punitive damages and attorney's fees.

On June 26, 2008, defendants removed the case to this court.  (Doc. 1). Defendants thereafter filed a motion to dismiss portions of the complaint (Doc. 4). The parties then briefed the motion, bringing the case to its present posture.

**Jurisdiction**

Plaintiffs are citizens of Pennsylvania.  Defendants are Iowa companies with their principal place of business in Ohio.  The amount in controversy exceeds $75,000.  The court therefore has jurisdiction pursuant to 28 U.S.C. § 1332.  ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.").

**Legal Standard**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendants argue that plaintiffs' claims pursuant to the Pennsylvania Unfair Insurance Practices Act (UIPA) and Unfair Claims Settlement Practices Regulations (UCSPR) are invalid under State law.  Defendants argue that courts in Pennsylvania have concluded that violations of these two statutes are irrelevant to plaintiffs' underlying bad faith insurance claim, brought pursuant to the Pennsylvania bad faith insurance statute, 42 Pa. C. S. A. § 8371, and should be dismissed.  Plaintiff responds that they make no claims pursuant to these acts, and that references to the UIPA and UCSPR merely serve as evidence for the bad faith claim.

No dispute exists here, then, that forms the subject of a motion to dismiss. The disagreement is over whether violations of UIPA and UCSPR can be used as evidence to support a bad-faith insurance claim under 42 Pa. C.S. A. § 8371. Defendants do not dispute that plaintiffs have stated a claim under that statute and plaintiffs agree that they could not state a claim under either the UIPA or the UCSPR.  Since the question for a 12(b)(6) motion to dismiss is whether the plaintiff has stated a claim upon which relief can be granted and both sides agree that plaintiff can state a claim on the only cause of action contained in the complaint, the court finds that the motion to dismiss should be denied.  At the same time, the court recognizes that, as drafted, the complaint does not set out clearly as it could the cause of action and the allegations which support that claim.  To avoid confusion and promote the efficient termination of the litigation, the court will order the plaintiffs to file an amended complaint that clearly states under a separate heading (i.e.,

4

"Count I") the cause of action they seek to bring.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH DILEO, and** | : | **No. 3:08cv1218** |
| **JOANNE DILEO, his wife,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE AUTO PROPERTY AND** | : | |
| **CASUALTY INSURANCE** | : | |
| **COMPANY, and** | : | |
| **STATE AUTO INSURANCE** | : | |
| **COMPANIES,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 26th day of January 2009, the defendants' partial motion to dismiss (Doc. 4) is hereby **DENIED**.  The plaintiffs are hereby **ORDERED** to file an amended complaint within ten (10) days of the date of this order.  The amended complaint shall clearly and separately identify the cause(s) of action raised.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**